<u>NOT FOR PUBLICATION</u>

<u>UNITED STATES DISTRICT COURT</u>
<u>FOR THE DISTRICT OF NEW JERSEY</u>

_____

                                       :

HIGHLAND CAPITAL CORP.,         :

                                         :

             Plaintiff,            :

                                         :             Civil Action No. 07-4029(JAG)

                 v.               :

                                         :                    **OPINION**

WESTERN FOOT & ANKLE CENTER,   :

INC., and EDWARD S. RHEE,        :

                                         :

             Defendants.        :

_____:

<u>GREENAWAY, JR., U.S.D.J.</u>

        This matter comes before this Court on the motion of plaintiff, Highland Capital Corp.,

("Plaintiff" or "Highland"), for summary judgment, pursuant to FED. R. CIV. P. 56, against

defendants, Western Foot & Ankle Center, Inc., ("Western"), and Edward S. Rhee ("Rhee"),

(collectively "Defendants").  For the reasons set forth below, Plaintiff's motion is granted.

## I.  FACTUAL BACKGROUND

        This action arises as a result of Defendants' default on an agreement with Plaintiff to

lease magnetic resonance imaging (MRI) equipment.  The following facts are undisputed unless

otherwise noted:[1]

_____

        [1]In the body of Plaintiff's moving brief in support of the motion for summary judgment,
Plaintiff included a Statement of Undisputed Material Facts, in accordance with Rule 56.1 of the
Federal Rules of Civil Procedure.  Defendants' reply submission, the Certification of Edward
Rhee ("Rhee Cert."), does not suffice, and is not proffered as a Rule 56.1 statement.

Cont.

The entirety of Defendants' response to Plaintiff's motion is as follows:

Edward S. Rhee certifies as follows:

1.    I am the President of Western Foot & Ankle Center, Inc. and an individual defendant in this matter. I have personal knowledge of the facts herein and am authorized to make this certification.

2.    The Lease in this matter, identified in the Plaintiff's motion, is a financing transaction. At the conclusion of the Lease, Western Foot & Ankle Center, Inc. was to be the owner of the Equipment (a portable MRI machine) for a nominal payment.

3.    Plaintiff alleges that the Equipment is listed for sale. However, no sale has taken place. Plaintiff does not allege that it has offered the equipment for lease to mitigate its damages.

4.    Further, Defendants are entitled to have a fair market value credit for the value of the Equipment as an offset against the amount Defendant claims to be due. The value of the Equipment, which was new when leased, and was used for less than one year, exceeds $100,000.

5.    Plaintiff offers a credit against the judgment when and if the Equipment is sold. However, a credit from Plaintiff if the Equipment is sold after the judgment is insufficient. Plaintiff will have no incentive to get the highest and best price for the Equipment once judgment is entered.

6.    Plaintiff claims to have attorney fees exceeding $7000 in this matter. That represents over 28 hours of work at the firm's hourly rate of $250. The Plaintiff's attorney fees are excessive, both in hourly rate and amount of time expended so far for a matter of this type.

7.    Defendants respectfully request that no summary judgment be entered until Defendants are given a fair market value

2

Plaintiff, Highland Capital Corp., is a New Jersey corporation maintaining its principal place of business in Little Falls, New Jersey.  Defendant, Western Foot & Ankle Center, Inc.,  is a California corporation.  Defendant Edward S. Rhee is a California resident.

On or about May 30, 2006, Western Foot, as lessee, entered into an agreement ("the Lease") to lease MRI equipment ("the Equipment"), with Highland, as lessor.  (Affidavit of Ross Juliano ("Juliano Aff."), Ex. A.)  In connection with the Lease, Rhee executed a Guarantee of all of the obligations of Western Foot, which obligations were then existing or thereafter incurred. (Id.)

Western Foot failed to make its required lease payment on May 20, 2007, and has failed to make lease payments thereafter.  (Id.,¶ 8.)  Pursuant to paragraph twelve of the terms of the Lease, upon a default, Highland may declare the entire accelerated balance to be due and payable immediately, and seek accruing interest, late charges and attorney's fees.  (Id., Ex. A.)  Also, pursuant to paragraph twelve of the terms of the Lease, in the event of Lessee default, Lessee is additionally liable to Lessor for, inter alia, reasonable attorney's fees.  (Id.)  Pursuant to his Guaranty, Rhee is indebted to Highland for all amounts due and owing under the Lease.  (Id.)

After Western failed to make timely lease payments, Plaintiff declared the Lease in

_____

Cont.

credit for the Equipment.

(Rhee Cert., ¶ 1-7.)

In their response, Defendants do not dispute that they are in default of the Lease.  The allegation is, thus, deemed admitted.  See Kelvin Cryosystems, Inc., v. Lightnin, 252 F. App'x 469, 472 (3d Cir. 2007).

default and demanded the accelerated balance, plus late charges, for a total of $208,752.52 (as of July 24, 2007), plus accruing interest, late charges and any applicable taxes.  (Id., ¶ 10.)[2]

Highland also recovered the Equipment as collateral, pursuant to the Lease and has been attempting to sell it in a commercially reasonable manner.  (Id., ¶ 13.)  Plaintiff employed an experienced third party, Asset Recovery Specialists, Inc., to solicit and advertise the collateral–medical equipment.  (Id.)  Asset Recovery Specialists, Inc., has listed the collateral on its website–www.equipmentrecovery.com.  (Id.)  The website allows for an online bid process known as "pipeline" where there are over 100 registered buyers of medical equipment including dealers, wholesalers, end-users, and doctors.  (Id.)

Despite best efforts, there has been no sale to date.  (Id., ¶ 14.)  The highest bid, to date, was entered on April 17, 2008, and was only for $25,000.  (Id.)  Plaintiff contends that this amount is too low and a sale for that amount would not benefit either party in this case.  (Id.)  In the event the collateral is sold, Plaintiff will provide an appropriate credit to any judgment obtained.  (Id.)

On August 23, 2007, Plaintiff filed its Complaint with this Court seeking a judgment against Defendants in the amount $208,752.52, consistent with the balance remaining on the Lease, plus any additional fees.  On December 17, 2007, Defendants answered Plaintiff's

----

[2]Plaintiff calculated the amount due and owing as follows:

| | |
|---|---|
| 1 payment (each at $1,732) | $ 1,732.00 |
| 48 payments (each at $4,293.62) | $ 206,093.76 |
| Late Charges | $ 775.76 |
| Return Check Fees | $ 150.00 |
| TOTAL | $ 208,751.52 |

(Juliano Aff., ¶ 10.)

Complaint, generally denying the allegations asserted.  Plaintiff moved for summary judgment on June 6, 2008.

Jurisdiction is proper with this Court, pursuant to this Court's diversity jurisdiction, under 28 U.S.C. 1332(a).  Plaintiff's and Defendants' citizenship is diverse, and the amount in controversy exceeds $75,000.00.

### III.  STANDARD OF REVIEW

Summary judgment is appropriate under FED. R. CIV. P. 56(c), when the moving party demonstrates that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23; Cascara v. Pomeroy, 313 F.3d 828, 832-33 (3d Cir. 2002).  A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and is material if, under the substantive law, it would affect the outcome of the suit.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Justofin v. Metro. Life Ins. Co., 372 F.3d 517, 521 (3d Cir. 2004).  This Court views "the facts in the light most favorable to the nonmoving party and draw[s] all inferences in that party's favor." Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007) (internal citation omitted).  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence."  Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

When the moving party has the burden of proof on an issue at trial, that party has "the burden of supporting their motions 'with credible evidence . . . that would entitle [them] to a directed verdict if not controverted at trial.'"  In re Bressman, 327 F.3d 229, 237 (3d Cir. 2003)

(quoting Celotex, 477 U.S. at 331); see also United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1438 (11th Cir. 1991) ("When the *moving* party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it . . . must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." (emphasis in original) (internal citations omitted)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Twp., 772 F.2d 1103, 1109 (3d Cir. 1985). The non-movant cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990); see also FED. R. CIV. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial").

## IV.  DISCUSSION

In the instant motion, Plaintiff seeks a judgment against Defendants in connection with Defendants' failure to make lease payments on the Equipment. The Lease provides that in the

event that the "Lessee fails to pay any rent or any other payment hereunder . . . [Highland] may . . . [d]eclare the entire unpaid balance of Rental Payments for the unexpired Term of the Lease . . . immediately due and payable . . . [and/or] [r]equire Lessee to return all Equipment at Lessee's expense." (Juliano Aff., Ex. A, ¶ 11.) The Lease further provides that Highland "may, at its option . . . sell or otherwise dispose of any such Equipment." (Id.) According to the Lease, Highland must give Defendants credit for any sums received from the sale or rental of the Equipment after deduction of the expenses of the sale or rental." (Id.)

It is undisputed that Defendants are in default of the Lease. (Id., ¶ 8.) Rather, Defendants contest Plaintiff's motion asserting, without legal support, that they are "entitled to have a fair market value credit for the value of the Equipment as an offset against the amount Defendant[3] claims to be due," before this Court enters summary judgment for the Plaintiff. (Rhee Cert., ¶ 4.) Defendants also assert, without providing supporting documentation, that the fair market value for the Equipment exceeds $100,000.00. (Id.)[4]

Defendants are correct that they are entitled to a credit against their unpaid obligation for whatever monies Highland receives from an eventual sale of the Equipment. However, Defendants have offered no evidence in support of their $100,000.00 appraisal. Defendants' mere speculation as to the value of the Equipment is irrelevant and insufficient to repel Plaintiff's motion for summary judgment.

---

[3]This Court assumes that Defendants actually mean "Plaintiff."

[4]Defendants further argue that Highland must also seek to lease the Equipment, as mitigation for its damages. (Rhee Cert., ¶3.) The Lease places no restriction on Highland's ability to dispose of the Equipment through a sale. Highland's choice to dispose of the Equipment by selling it is reasonable and consistent with the Lease.

There is also no evidence that Highland has acted improperly in its attempts to sell the Equipment, or in bringing this action while in possession of the Equipment.  New Jersey law requires that a creditor's disposition of a debtor's collateral be commercially reasonable.  N.J. Stat. Ann. § 12A:9-610(b) (every aspect of a secured party's disposition of a debtor's collateral, "including the method, manner, time, place and terms must be commercially reasonable.")  In New Jersey, it is also appropriate for a creditor to simultaneously obtain possession of its collateral and a money judgment on the underlying debt.  See Ingersoll-Rand Financial Corp. v. Atlantic Management and Consulting Corp., 717 F. Supp. 1067, 1069-70 (D.N.J. 1989).

In this case, there is no evidence that Highland has either abused its statutory rights or has otherwise acted inappropriately to recover the debt.[5]  Highland has recovered the collateral, and, in good faith, is attempting to sell it with the assistance of a third-party.  To date, Highland has yet to receive, in its opinion, a reasonable offer to buy the collateral.  When, and if, it does, Defendants will be entitled to a credit, appropriately calculated.

Plaintiff's election to sell the Equipment, however, does not restrict it from seeking a money judgment in this action.  Plaintiff has put forth uncontroverted evidence that Defendants are in default of the Lease, and that Plaintiff is, thus, entitled to damages, pursuant to the Lease. Defendants do not dispute the default.  Accordingly, this Court finds that, in this matter, there exists no genuine issue as to a material fact, precluding summary judgment, in favor of Plaintiff.[6]

---

[5] Cf. Ayares-Eisenberg Perrine Datsun, Inc. v. Sun Bank, 455 So.2d 525, 526 (Fla. Dist. Ct. App. 1984) (denying relief where creditor repossessed the collateral, gave it away without notifying debtor, and subsequently sought judgment on the entire outstanding balance of the debt.)

[6] Plaintiff has also requested judgment in the amount of  $7,320. 93, covering attorney's fees.  Pursuant to paragraph twelve of the Lease, upon a default, Plaintiff is specifically entitled

## V. <u>CONCLUSION</u>

For the reasons stated above, Plaintiff's motion for summary judgment is granted.


Date: February 6, 2009

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

---

Cont.

to reasonable attorney's fees from Defendants.  In New Jersey, where parties contract for the payment of such fees, courts will honor the agreement, as long as the agreement is reasonable. <u>See</u> <u>North Bergen Transp., Inc., v. Trailer Leasing Co.</u>, 730 A.2d 843, 848 (N.J. 1999) ("The threshold issue in determining whether an attorneys' fee award is reasonable is whether the party seeking the fee prevailed in the litigation . . . [and whether] the relief granted had some basis in law.")

Here, Plaintiff achieved all the relief sought and submitted reliable documentation of the hours worked in preparing the instant action.  This Court finds that Highland is entitled to reasonable attorney's fees, in the amount of $7,320.93.